The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| JEFFERY ALAN SMITH & | ) |
| | ) CASE NO. 09-64409 |
| SHARON RUTH SMITH, | ) |
| | ) JUDGE RUSS KENDIG |
| Debtors. | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| | ) |

On November 25, 2009, chapter 13 trustee Toby L. Rosen ("trustee") objected to confirmation of the chapter 13 plan filed by debtors Jeffery Alan Smith and Sharon Ruth Smith ("debtors"). A hearing was held on February 24, 2010. Donald M. Miller represented the debtors and the trustee represented herself. The trustee's objection is now before the Court.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On October 23, 2009, the debtors filed a chapter 13 petition. According to the petition, the debtors have an annualized current monthly income of $87,876. The applicable annual median income for a household of four people is $74,234. Therefore, the debtors have above median income. As a result, the debtors' disposable income is calculated in accordance with section 11 U.S.C. § 707(b)(2), and the debtors are required to file a plan with a 60 month commitment period pursuant to 11 U.S.C. § 1325(b)(4).

On October 27, 2009, the debtors filed their chapter 13 plan ("plan"). The plan proposes that the debtors will pay the trustee $200 per month for 60 months. The trustee estimates that the plan will result in an 11% dividend to unsecured creditors. Meanwhile, the debtors' schedule I indicates that the debtors are making 401(k) contributions in the amount of $752 per month. The debtors also propose to accept an automobile lease in the amount of $403 per month for 18 months and pay approximately $1,530 per month on their first and second mortgages.

The trustee has provided the Court with Mr. Smith's biweekly pay advices from the pay period ending August 9, 2009 through the pay period ending October 18, 2009. All of the pay advices other than the October 18 pay advice show 401(k) contributions between $62 and $78. Each of these contributions is equal to approximately 3% of Mr. Smith's biweekly gross income. On the other hand, the pay advice for the pay period ending October 18 shows a 401(k) contribution in the amount of $370.71, which is approximately 15% of Mr. Smith's biweekly gross income. According to the trustee, the debtors could fund a 26% plan if the debtor had maintained a 3% 401(k) contribution.

## ISSUES PRESENTED

Trustee objects to the debtors' plan for two reasons, both of which involve the debtors' 401(k) contributions. First, the trustee argues that debtors' plan was proposed in bad faith under 11 U.S.C. § 1325(a)(3) because of Mr. Smith's decision to increase his 401(k) contributions on the eve of bankruptcy. The debtors respond that, pursuant to 11 U.S.C. § 541(b)(7), they are entitled to contribute to their 401(k) plans in whatever amount is allowed as long as the creditors are getting a fair distribution. Second, the trustee asserts that the debtors are only entitled to deduct the average of Mr. Smith's 401(k) contributions in the six months prior to the month in which the petition was filed.

## LAW AND ANALYSIS

Section 1325(a)(3) provides that chapter 13 plans must be proposed in good faith. The debtor bears the burden of demonstrating good faith. Hardin v. Caldwell (In re Cardwell), 895 F.2d 1123, 1128 (6th Cir. 1990). In determining good faith, "[t]he bankruptcy court must ultimately determine whether the debtor's plan, given his or her individual circumstances, satisfies the the purposes undergirding Chapter 13: a sincerely-intended repayment of pre-petition

2

debt consistent with the debtor's available resources. The decision should be left to the bankruptcy court's common sense and judgment." In re Upton, 636 B.R. 528, 536 (Bankr. S.D. Ohio 2007).

Prior to the enactment of the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), most courts took a dim view of 401(k) contributions. Courts reasoned that such contributions compromised the tradeoff of temporary maximum repayment for permanent debt relief on which chapter 13 is premised. In re Behlke, 358 F.3d 429, 435 (6th Cir. 2004) ("[I]t would be unfair to . . . creditors to allow . . . Debtors . . . to commit part of their earnings to the payment of their own retirement fund while at the same time paying their creditors less than a 100% dividend.").

BAPCPA amended 11 U.S.C. § 541 by adding section 541(b)(7), which provides in pertinent part:

> Property of the estate does not include . . . any amount . . . withheld by an employer from the wages of employees for payment as contributions . . . to . . . an employee benefit plan that is subject to title I of the Employee Income Security Act of 1974 . . . except that such amount under this subparagraph shall not constitute disposable income as defined in section 1325(b)(2) . . . .

Title I of the Employee Income Act of 1974 ("ERISA") covers employment plans subject to 26 U.S.C. § 401(k). In re Johnson, 346 B.R. 256, 263 (Bankr. S.D. Ga. 2006); see 29 U.S.C. §§ 1002(3), 1003(a) (defining "employee benefit plan" and ERISA's coverage, respectively). Thus, the debtors' contributions to 401(k) plans are excluded from the debtors' disposable income.

Post-BAPCPA, bankruptcy courts have disagreed as to whether 401(k) contributions can be considered when determining whether a debtor's plan is proposed in good faith. In Johnson, 346 B.R. at 260, the debtors increased their 401(k) contributions by an unspecified amount prior to proposing a plan. The resultant plan paid approximately 1% to unsecured creditors. Id. The court concluded that because BAPCPA amended sections 1325(b)(3) and 541(b)(7) to provide a mechanical test for the calculation of disposable income for above median debtors, and because that formula excludes 401(k) contributions from disposable income, the court was foreclosed from considering the propriety of debtors' 401(k) contributions. Id. at 263.

In In re Shelton, 370 B.R. 861 (Bankr. N.D. Ga. 2007), the debtor proposed a 0% plan, and evidence suggested that the he had increased his 401(k) withholding from 0% to 11.5% on the eve of filing. Id. at 863. The court reasoned that because section 541(b)(7) only exempts retirement plan contributions from consideration under section 1325(b)(2), the court could still consider the debtors' good faith under section

3

1325(a)(3). Id. at 867. The court also noted that section 541(b)(7) refers only to the *amount* of 401(k) contributions. Thus, even if courts are foreclosed from considering the size of a debtor's 401(k) contributions, courts can still consider the debtor's *conduct* in increasing his 401(k) contributions on the eve of bankruptcy. Id. The Shelton court denied plan confirmation and requested that the debtor file information regarding his history of 401(k) contributions.

The Court agrees with the Shelton court that Congress did not intend to handicap the courts' good faith inquiries or unintentionally create a loophole through which debtors could redirect their incomes from creditors at the last moment. Congress intended BAPCPA to curb bankruptcy abuse. Therefore, good faith should serve as a backstop against debtors who aggressively game BAPCPA's provisions at the expense bankruptcy policies, including fairness to unsecured creditors. In re Urbanek, Case No. 09-64127 (Bankr. N.D. Ohio March 29, 2010) (holding that a debtor cannot in good faith keep a pleasure boat). Moreover, the specific limitation of the exception, limiting objections only to those under 1325(b)(2), impels the conclusion that other statutory objections are not foreclosed. This conclusion is readily buttressed by the open and obvious policy considerations supporting such an interpretation. These policy considerations, in turn, similarly support the argument that this is what Congress intended.

However, the enactment of section 541(b)(7) injected a policy favoring retirement savings into the bankruptcy code. Therefore, the harsh approach toward 401(k) contributions taken by courts pre-BAPCPA is no longer warranted. Instead, the Court must balance the policy in favor of retirement savings against other bankruptcy policies, most notably fairness to unsecured creditors. While each case must stand on its own facts, relevant factors may include whether the debtor increased his contribution on the eve of bankruptcy, the amount of any such increase, the financial planning justification for any such increase, and the amount of the debtor's 401(k) contributions relative to the distribution to unsecured creditors. Such considerations prevent the good faith argument from becoming the last refuge of scoundrels for rogue creditors wishing to object to everything.

In the present case, the Court finds that the debtors' plan is proposed in bad faith. Mr. Smith increased his 401(k) contribution by *five times* on the eve of filing bankruptcy to a level far beyond what was typical for him. Furthermore, the increase reduced the distribution to unsecured creditors by more than half. Finally, the debtors present no financial-planning justification for the increase. The Court finds that under these circumstances the debtors' 401(k) contributions go far beyond reasonably measured retirement planning and are unfair to unsecured creditors. Accordingly, the Court finds that the debtors' plan was not proposed in good faith and cannot be confirmed. As such, the Court does not need to consider the trustee's second argument.

09-64409-rk    Doc 36    FILED 06/15/10    ENTERED 06/15/10 09:48:56    Page 4 of 5

An order will issue simultaneously with this opinion.

\#   \#   \#

Service List:

Jeffrey Alan Smith
724 Dale Ave NW
Strasburg, OH 44680

Sharon Ruth Smith
724 Dale Ave NW
Strasburg, OH 44680

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Donald M Miller
1400 Market Ave N
Canton, OH 44714-2608