The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.




Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 |
| | ) | |
| JEFFERY ALAN SMITH & | ) | CASE NO. 09-64409 |
| | ) | |
| SHARON RUTH SMITH, | ) | JUDGE RUSS KENDIG |
| | ) | |
| Debtors. | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

On August 16, 2010, chapter 13 trustee Toby L. Rosen ("trustee") filed an objection to the amended plan of debtors Jefferey Allan Smith and Sharon Ruth Smith ("debtors"). The trustee's objection is now before the Court.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (L) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On October 23, 2009, debtors filed their chapter 13 bankruptcy petition. Immediately prior to filing the petition, Mr. Smith increased his 401(k) contribution from 3%, or $150 per month, to 15%, or $752 per month. On October 27, 2009, debtors filed their first chapter 13 plan,

which proposed to pay $200 per month to the trustee. On November 25, 2009, the trustee objected to the plan based on excessive 401(k) contributions. On June 15, 2010, the Court entered a memorandum of opinion and order sustaining the trustee's objection.

On June 23, 2010, the debtors filed an amended chapter 13 plan. The amended plan is identical in every respect to the original plan except that it proposes to pay $400 per month to the trustee, which corresponds to a 401(k) contribution of 11% or $552 per month.[1] On August 16, 2010, the trustee objected to the amended plan again based on excessive 401(k) contributions.[2] A hearing was held on August 25, 2010. Donald M. Miller represented the debtors and the trustee represented herself. On August 27, 2010, the Court ordered the parties to submit briefs in support of their positions.

## LAW AND ANALYSIS

In its previous opinion in this case, this Court discussed the current state of the law regarding whether a debtor can make 401(k) contributions in a chapter 13 plan. The Court concluded that, even though 11 U.S.C. § 541(b)(7) excludes 401(k) contributions from disposable income, the Court can still examine the good faith of a debtor's *conduct* with regard to increasing 401(k) contributions prior to bankruptcy. As set forth in the previous opinion, factors that the Court will consider in examining a debtor's conduct are: (1) whether the debtor increased his 401(k) contributions on the eve of bankruptcy; (2) the amount of the increase in contribution; (3) the financial planning justification for any such increase; and (4) the amount of the 401(k) contribution relative to the amount of payments to unsecured creditors. The burden is on the debtor to demonstrate that a plan is proposed in good faith. Harding v. Caldwell (In re Cardwell), 895 F.2d 1123, 1128 (6th Cir. 1990).

The debtors have not met their burden of showing that the amended plan is proposed in good faith. First, the debtor admits that the increase in 401(k) contributions was made on the eve of bankruptcy. Second, although the amended plan reduces the debtors' 401(k) contributions relative to the original plan, the contributions are still three-and-two-thirds times greater than they were prior to bankruptcy. Third, the debtors do not provide any financial planning justification for the increase. Fourth, the debtors are still paying substantially more deferred compensation to themselves than they are present compensation to their unsecured creditors.

The debtors argue the Court should reach a different conclusion because of the recent decision in Burden v. Seafort (In re Seafort), 2010 WL 3564709 (B.A.P. 6th Cir. Sept. 14, 2010). But that case dealt with a different issue. At issue in that case was whether a debtor who pays off a 401(k) loan *post-petition* can convert his monthly 401(k) loan payment into a 401(k)

---

[1] An amended Schedule I was not filed.

[2] The trustee raises additional issues for the first time in her brief. Although the trustee asserts that she orally amended her objection at the hearing, these issues were only mentioned in passing. Therefore, the Court considers these issues waived because they are outside the scope of the objection and the trustee has not filed an amended objection.

contribution. The court concluded that a debtor may not do this because income that becomes available post-petition cannot be excluded from disposable income under section 541(b)(7). The court's reasoning in Seafort sheds no light on the situation here, where the increase in 401(k) contributions was made pre-petition. The debtors and trustee would be far better off arguing the factors specifically provided to them for the resolution of the problem at hand than citing to cases that are at best tangentially relevant.

Accordingly, confirmation of the amended plan is denied.

An order will issue with this opinion.

#   #   #

Service List:

Jeffrey Alan Smith
724 Dale Ave NW
Strasburg, OH 44680

Sharon Ruth Smith
724 Dale Ave NW
Strasburg, OH 44680

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702

Donald M Miller
1400 Market Ave N
Canton, OH 44714-2608