

/S/ RUSS KENDIG

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| JEFFREY ALAN SMITH AND SHARON RUTH SMITH, | CASE NO. 09-64409 |
| | JUDGE RUSS KENDIG |
| Debtors. | |
| | MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION) |

Donald M. Miller, counsel for debtors ("Counsel"), submitted a fee application on April 8, 2011 requesting approval of $4,760.00 in fees and $838.75 in expenses, for compensation totaling $5,422.75. The chapter 13 trustee, Toby L. Rosen ("Trustee"), objected. The court held a hearing on May 25, 2011, attended by Robert H. Harbert, counsel for Trustee, and Counsel.

The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTS

The parties do not dispute the operative facts. Under the court's Administrative Order 08-05, entered on May 6, 2008, Counsel is entitled to a no-look fee of $3,000.00. The increased fees sought in the application are due, in part, to the additional time spent researching and preparing two briefs regarding Debtors' sizeable increase in 401(k) contributions immediately before filing the case. Before filing, Debtor Jeffrey Smith increased his 401(k) contribution from three percent (3%) of his biweekly gross pay to

fifteen percent (15%). The court found the increase was evidence of bad faith and denied confirmation of Debtors' plan.

Debtors reduced the 401(k) contribution to eleven percent (11%) and filed an amended plan. Confirmation was again denied, finding that the new authority cited by Debtors was inapposite and Debtors failed to demonstrate the case was filed in good faith.

Approximately 7.9 hours were dedicated to the 401(k) issue, including research, preparation of the memoranda filed with the court, participation in hearings on the objections to confirmation, conferences and discussions with Debtors, and filing the amended plans. This represents approximately $1,580.00 of the fees requested.

## LAW AND ANALYSIS

Trustee argues that Counsel should not be rewarded, through approval of fees, for advancing bad faith arguments. As Counsel identifies, Trustee's position is similar to arguing that Counsel's fees should be disallowed as a sanction under Federal Rule of Bankruptcy Procedure 9011(b)(2).

Whether the court reviews under Rule 9011(b) standards or the compensation standards under 11 U.S.C. § 330, the driving force is the same: reasonableness. As the Sixth Circuit recently enunciated on the Rule 9011(b) standard:

> 'The test for imposing sanctions [under Rule 9011(b)] is whether the individual's conduct was reasonable under the circumstances.' Corzin v. Fordu (In re Fordu), 201 F.3d 693, 711 (6th Cir. 1999). 'In applying this test, the bankruptcy court is not to use the benefit of hindsight but should test the signer's conduct by inquiring what was reasonable to believe at the time the [filing] was submitted.' Mapother & Mapother, P.S.C. v. Cooper (In re Downs), 103 F.3d 472, 481 (6th Cir. 1996) (alterations, citation, and internal quotation marks omitted).

B-Line, LLC v. Wingerter (In re Wingerter), 594 F.3d 931, 939 (6th Cir. 2010).

Similarly, reasonableness drives compensation awards under 11 U.S.C. § 330(a)(4)(B):

> In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

The lodestar calculation, the product of an "attorney's reasonable hourly rate by the number of hours reasonably expended," In re Boddy, 950 F.2d 334, 337 (6th Cir. 1991), creates a presumption of reasonable compensation, subject to adjustment by twelve factors. See Geier v. Sundquist, 372 F.3d 784, 793 (6th Cir. 2004) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

To start, the court will consider whether Debtors' position with regard to the 401(k) contributions was justified. In its June 15, 2010 opinion, the court outlines the state of the law before passage of BAPCPA. As stated, before BAPCPA, courts looked unfavorably on a debtor's 401(k) contributions because the benefit inured to debtors at

the expense of their creditors. In re Smith, Case. No. 09-64409 (Bankr. N.D. Ohio June 15, 2010) (unreported). BAPCPA changed the landscape by excluding 401(k) contributions from property of the estate, and disposable income, with the addition of 11 U.S.C. § 541(b)(7). As the Bankruptcy Appellate Panel commented on the shift, "Congress clearly intended to strike a balance between protecting debtors' ability to save for their retirement and requiring that debtors pay their creditors the maximum amount they can afford to pay." Burden v. Seafort (In re Seafort), 437 B.R. 204, 210 (B.A.P. 6th Cir. 2010). The change in law left a door open for debtors to test the allowable limits of the new provision. Although Debtors' first attempt went too far, resulting in the court's conclusion that they lacked good faith, the issue they presented was primed for review. Consequently, the court finds that the actual work was reasonable.

After the court issued its first opinion, Debtors forged a second attempt to define the parameters of 401(k) contributions and filed an amended plan doubling their plan payments. The court looks less favorably on the second attempt. In the first opinion, the court noted "[w]hile each case must stand on its own facts, relevant factors may include whether the debtor increased his contribution on the eve of bankruptcy, the amount of any such increase, the financial planning justification for any such increase, and the amount of debtor's 401(k) contributions relative to the distribution to unsecured creditors." Id. at 4. Debtors' brief on the objection to confirmation of the amended plan addressed none of the factors the court identified as relevant. Debtors completely ignored the pink elephant, the sizeable increase in 401(k) contributions, from the three percent (3%) prepetition deduction to the eleven percent (11%) deduction in the amended plan. Consequently, the benefit and necessity of the second amended plan and related services, including preparation of the second brief, were not reasonable. This represents approximately 4.1 hours of service, or $820.00.

Upon determining the reasonableness of the services, the court must now address whether the compensation is reasonable. This was not addressed by Trustee. She does not challenge the amount of compensation or the hours expended by Counsel. In the absence of objection by Trustee, the court will not take issue with the amount of compensation requested.

However, the court does raise one item sua sponte. Counsel seeks reimbursement of $838.75 in expenses, which is atypically high. No itemization is provided. Without an itemization, the court cannot assess the reasonableness of the expenses and will not approve reimbursement.

Consequently, Counsel's fees are reduced by $820.00, for total compensation of $3,940.00. The court declines to approve the reimbursement of $838.75 in expenses. Counsel is granted fourteen (14) days to supplement the application to detail the expense request, if desired.

The court will issue an order contemporaneously with this opinion.

# # #

**Service List**:

Toby L. Rosen
Charter One Bank Building, 4th Floor
400 W. Tuscarawas St.
Canton, OH 44702

Donald M Miller
1400 Market Ave N
Canton, OH 44714-2608