**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 09:49 AM December 14, 2012**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | |
| JEFFREY ALAN SMITH AND ) | CASE NO. 09-64409 |
| SHARON RUTH SMITH, ) | |
| ) | JUDGE RUSS KENDIG |
| Debtors. ) | |
| ) | **MEMORANDUM OF OPINION** |
| ) | **(NOT FOR PUBLICATION)** |

Debtors' counsel, Donald M. Miller, filed an application for additional compensation in this chapter 13 case. He seeks $1,035.00 in fees and $150.00 in expenses. Toby L. Rosen, chapter 13 trustee ("Trustee"), objected to the request. She does not challenge the reasonableness of the fees but opposes payment of the fees from the "pot" designated for unsecured creditors. The court held a hearing on November 28, 2012.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKGROUND

Debtors commenced this case on October 23, 2009. As above-median debtors, their

1

disposable income was calculated under 11 U.S.C. § 1325(b)(3). After a contested confirmation process, Debtors and Trustee reached an agreement finding that Debtor's monthly disposable income under § 1325(b)(1) was $647, resulting in a pot of $38,820 for distribution to unsecured creditors. (Ag. Order Settling Obj. to Confirmation, ECF No. 61.) As a result of Debtors' increased income, Debtors are now contributing more to the plan than the calculated disposable income.

## **DISCUSSION**

Trustee contends that a debtor's disposable income is designated for general unsecured creditors and cannot be reduced by payments to other creditors, including priority unsecured claims of a debtor's attorney.[1] Attorney Miller disagrees, arguing that he is an unsecured creditor under § 1325(b)(1)(B), entitling him to be paid from the $38,820 pot. This follows the pre-BAPCPA approach. *See* In re Mobley-Brown, Case No. 07-14264 (Bankr. S.D. Ohio 2008). On the facts of this case, the court agrees with Attorney Miller.

Section 1325(b)(1)(B) requires a debtor to pay projected disposable income to "unsecured creditors." The statute doesn't delineate between priority unsecured creditors and general unsecured creditors. It is undisputed that Attorney Miller's claim is not secured, so the plain language of the statute seems to encompass his claim. Not all courts fully agree with this interpretation. *See, e.g.,* In re Echeman, 378 B.R. 177, 181 (Bankr. S.D. Ohio 2007) (finding "the only reasonable interpretation [of the disposable income calculation process] is that it is designed to determine the amount available to pay nonpriority unsecured creditors . . . ."); In re Wilbur, 344 B.R. 650 (Bankr. D. Utah 2006).

In spite of its statement seemingly to the contrary, Echeman recognized that the statutory scheme must be considered holistically. The focus of Echeman was to avoid double-counting expenses by allowing a debtor to deduct a priority expense before arriving at the disposable income figure, then using the reduced disposable income figure to pay that same creditor as an unsecured creditor. Echeman later stated that "Form B22C does not necessarily provide a deduction for all of a debtor's priority unsecured claims such as, for example, a debtor's anticipated attorney's fees." Echeman, 378 B.R. at 182 (citing In re Puetz, 370 B.R. 386, 391 (Bankr. D. Kan. 2007)). If a claim has not been deducted before disposable income is calculated, the double-counting issue does not arise and the claim can be paid from disposable income.

The double-counting issue does not arise in this case. Debtors did not identify any priority claims on question forty-nine of the means test. No one can dispute that if they had included attorney's fees on this line, their disposable income would have been lower. Additionally, Debtors would need to clairvoyant to include claims of their attorney for additional post-confirmation services. This leads the court to conclude that Trustee's argument is specious. Trustee failed to provide any legal foundation for her position. Looking at Debtors' amended means test, filed on December 13, 2010, the court cannot locate a line item deduction for attorney's fees. Consequently, the fees paid to date also came from the unsecured creditors, the very thing to which Trustee now objects. The court is puzzled by Trustee's new-found concern that it is

---

1 Trustee's objection also contained a feasibility argument which was abandoned at the hearing.

problematic.

      For above median debtors, disposable income is calculated in accordance with 11 U.S.C. § 707(b)(2).  In the simplest understanding, disposable income is current month income less allowable expenses.  While no one argues that the priority administrative expense claims of a debtor's attorney are not allowable expenses, the question of how and where to deduct the expenses is slightly more challenging. If a court maintains that disposable income must only be paid to general unsecured creditors, attorney's fees would have to be deducted before disposable income is calculated.  Question forty-nine, which captures prepetition priority claims under 11 U.S.C. § 707(b)(2)(A)(iv), is the most likely place.  However, some courts, including Echeman, seem to suggest that there is no line item for the deduction.  378 B.R. 177, 182.

      Question fifty, invoking § 707(b)(2)(A)(ii)(III), is also suggested as an option, albeit one that this court rejects.  That provision states

> for a debtor eligible for chapter 13, the debtor's monthly expenses may include the actual administrative expenses of administering a chapter 13 plan for the district in which the debtor resides, up to an amount of 10 percent of the projected plan payments, as determined under schedules by the Executive Office for United States Trustees.

Collier's reads the provision to include attorney's fees and to require the debtor's attorney to "construct a hypothetical chapter 13 plan and determine the projected administrative expenses, but limited to ten percent."  6 Collier on Bankruptcy ¶ 707.04[3][c], 707-39 (16th ed.)  Collier's also notes the problem of this provision in a corresponding footnote:

> [t]he United States trustee is required to publish schedules of administrative expenses in particular districts . . . and since administrative expenses include attorney's fees, it is hard to imagine how they could be less than ten percent in any district.  Nonetheless, the United States Trustee Program has inexplicably published percentage figures that appear to include only the trustee's percentage fee and not administrative expenses for attorney's fees.

Id. at fn. 80.

      In addition to also suffering from the crystal ball syndrome above, the court finds this provision unworkable.  In this case, Debtors deducted 7.1 percent, or $31.95 per month, for chapter 13 administrative expenses.  Over the course of a sixty month plan, this represents $1,917.00. Clearly, the percentage fee cannot include attorney's fees.  In this district, the no-look fee for a sixty month chapter 13 plan is $2,250.00.  The amount calculated under question fifty of the means test does not cover this amount.  Even at ten percent, the pool for administrative

3

expenses would not allow for payment of attorney's fees and a reasonable amount to the chapter 13 trustee.  As the United States Trustee has done, the court must conclude that question fifty seeks only to cover the trustee's administrative expenses, not all administrative expenses.  This conclusion is supported by the descriptive language appended to "administrative expenses." Covered expenses include those for "administering a chapter 13 plan."  A trustee administers a chapter 13 plan, handling the receipts and disbursements, not a debtor's attorney.  Consequently, the court finds that attorney's fees are not "administrative expenses of administering a chapter 13 plan" and should not be included under question fifty.

That leaves the option of including the fees under question forty-nine or having the fees paid from the unsecured creditor pool of disposable income.  Functionally, neither presents a problem as long as one or the other is chosen, thereby avoiding any double-counting. *See* In re Puetz, 370 B.R. 386, 391 (Bankr. D. Kan. 2007) (recognizing "[c]reditors specifically provided for under § 707(b)(2)(A) need not share in the unsecured creditors pool under § 1325(b)(1)(B).")   If the amount is included on line forty-nine, it results in a lower total disposable income amount and a smaller distribution to other unsecured creditors.   The same result occurs if it is paid from disposable income and other unsecured creditors take the share left after the fees are paid.  *See also* Mobley-Brown, Case No. 07-14264.   For this reason, the court agrees with the interpretation advanced in Puetz:   "the Court should logically and, in fact, plainly, read 'unsecured creditors' in § 1325(b)(1)(B) as a catchall phrase to address creditors not specifically referenced elsewhere." Puetz, 370 B.R. at 391.

If accepted, Trustee's argument would force Debtors to come up with the funds from "non-disposable" income.   All things being equal, everything "above" the line of what constitutes disposable income is, by definition, allowed expenditure.   If the distribution cannot come from the disposable income pool, it would have to be taken from above the line.   This cannot be the result intended.   This does not mean that there could not be an exception for unusual circumstances or other unanticipated facts.   The court overrules Trustee's objection and approves payment of the requested fees from disposable income.

An order will be entered immediately.

#    #    #

**Service List:**

Donald M Miller
1400 Market Ave N
Canton, OH 44714-2608

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg
4th Floor
Canton, OH 44702